HUNT v. MITCHELL, appellant.

*Pleading — effect of admissions in — Evidence — estoppel.*

Defendants accepted a draft drawn by plaintiff in favor of G. The draft was afterward protested and returned to plaintiff, who erased G.'s name and made it payable to himself. In an action against the defendants, as acceptors, the complaint set forth the draft as altered. The defendants' answer admitted the acceptance of said draft as "stated in the complaint." On the trial defendants objected to the receiving of the draft in evidence on the ground of the alteration. *Held*, that the defendants were estopped by the admission in the answer from raising that objection.

APPEAL from a judgment of the county court of Herkimer county on a verdict in favor of the plaintiff, and also from an order denying a motion for a new trial on the judge's minutes.

The action was brought by Sandford M. Hunt, Jr., against Jeremiah Mitchell and Charles Bailey to recover of the defendants, as acceptors, the amount of a draft or bill of exchange. The complaint alleged that on the 1st day of June, 1872, the plaintiff and one Cramer were partners in business at Chicago, under the firm name of Hunt & Cramer, and the defendants were partners in business at Little Falls, N. Y., under the firm name of Mitchell & Bailey. That

Hunt & Cramer, by the plaintiff as their agent, made a bill of exchange of which the following is a copy:

"$205.68.                               "CHICAGO, *June* 6, 1872.
"Thirty days after date pay to the order of myself two hundred and five $\frac{68}{100}$ dollars, value received, and charge to account of
                                              "S. M. HUNT, JR.,
"MITCHELL & BAILEY,                              "*Agent.*"
          "*Little Falls, N. Y.*"

That the bill was duly accepted by the defendants. Presentment, demand and refusal of payment, and protest and notice were alleged. The plaintiff alleged that he had purchased Cramer's interest in the draft and was the holder and owner thereof.

The defendants, by their answer, admitted that they "wrote their acceptance upon and across the face of said draft and bill of exchange, as stated in the complaint," but alleged that such acceptance was without consideration, and made under a mistake of fact and upon misrepresentations.

On the trial the draft sued on was produced and offered in evidence. It appeared to have been drawn payable "to the order of *L. J. Gage, cashier,*" and those words had been erased by a pen-line drawn through them, and the word "*myself*" written above. It was indorsed "S. M. Hunt, Jr., Agt." The plaintiff on his cross-examination testified that the draft was drawn to the order of L. G. Gage, cashier of a bank in Chicago, in the first instance; that after the draft had been returned protested, he took it up and erased Gage's name and inserted his own, and then indorsed it, after having changed it so as to make it payable to the order of himself; that he did not draw or indorse the draft as the agent of anybody. The defendants objected to the draft being received in evidence on the grounds, 1st. That it was not the draft accepted; 2d. That it was signed as agent and indorsed as agent. The objection was overruled and the draft received in evidence.

When the plaintiff rested, the defendants moved for a nonsuit on the grounds, 1st. That there was no evidence that the plaintiff was the owner and holder of the draft; 2d. That the draft had been altered since it was presented to the defendants. Motion overruled and defendants excepted. Verdict for the plaintiff.

The defendants moved for a new trial on the minutes of the

judge, on the grounds, 1st. That there was no evidence to authorize the verdict; 2d. That the verdict was against the evidence, and unauthorized by the law of the case. The motion was denied, and the defendants excepted.

*Burrows & Palmer*, for appellants. The plaintiff was not entitled to recover upon a different instrument from the one set out in the complaint, although the answer admitted the acceptance of the bill " set out in the complaint." *Sheehy* v. *Mandeville*, 7 Cranch, 208. The alteration admitted to have been made by the plaintiff rendered the bill void. Cowen's Tr., § 366; *Lewis* v. *Payn*, 8 Cow. 71; *Malin* v. *Malin*, 15 Johns. 293 ; *Hunt* v. *Adams*, 6 Mass. 519; *Woodworth* v. *Bank of America*, 19 Johns. 391; *Nazro* v. *Fuller*, 24 Wend. 374; *Burchfield* v. *Moore*, 25 Eng. Law & Eq. 123.

*Link & Dennison*, for respondent.

GILBERT, J. We are inclined to think the alteration of the draft was such a material one as to avoid the instrument. But if it could be so regarded, the admission in the answer that the defendants accepted the altered draft puts the fact of the alteration out of the issue, and estops the defendants from raising that objection.

Upon the merits of the defense there was a conflict of evidence, and no sufficient reason for disturbing the verdict has been presented.

The judgment and order denying a new trial must be affirmed, with costs.

*Judgment and order affirmed.*